An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

KEVIN J. MIRCH,
Appellant,
vs.
DAVO DON GIOVANNI; AND THE
STATE OF NEVADA,
Respondents.

No. 63186



FILED

JUL 31 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal from a district court order dismissing a tort action. Second Judicial District Court, Washoe County; Steven Elliott and Elliott A. Sattler, Judges.

Having considered the parties' arguments, we conclude that the record on appeal supports the district court's finding that appellant lacked diligence in prosecuting his case during the 35 months in which his case was pending without the December 2006 stay in place and that the district court was therefore within its discretion to dismiss appellant's complaint.[1] *See N. Ill. Corp. v. Miller*, 78 Nev. 213, 215-16, 370 P.2d 955, 956 (1962) (reviewing a district court's dismissal under NRCP 41(e)'s two-year rule for an abuse of discretion); *see also Esworthy v. Williams*, 100 Nev. 212, 214, 678 P.2d 1149, 1150 (1984) (recognizing that "lack of

---

[1]Although appellant improperly raises arguments for the first time on appeal regarding time computation and whether two years elapsed, *see Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981), we have nevertheless considered those arguments and conclude that they lack merit.

SUPREME COURT
OF
NEVADA

(O) 1947A

15-23163

diligence is necessary to justify dismissal for failure to prosecute"). In particular, the record demonstrates that after appellant's criminal case was resolved, the following delays in the prosecution of appellant's case occurred: (1) five months elapsed between the resolution of appellant's criminal case and appellant's motion to lift the stay in the underlying matter; (2) over two months elapsed between the district court lifting the stay and appellant's January 2012 motion; (3) five months elapsed between the district court's March 2012 ruling on that motion and the district court's August 2012 discovery order, during which appellant took little to no action; (4) four months elapsed between the district court's August 2012 order and appellant's response to that order; and (5) over one month elapsed between appellant's response to that order and appellant's service of deposition notices.[2]

Appellant provided no explanation for these delays either in district court or on appeal. Consequently, the record supports the district court's conclusion that appellant's failure to bring his case to trial within

---

[2]These delays sufficiently support the district court's finding that appellant lacked diligence, without reference to the August 2005 order, which appellant correctly notes he timely complied with, the district court's finding to the contrary notwithstanding. We further note that throughout much of 2006 before the stay was entered, there appears to have been minimal effort to move appellant's case forward. In particular, while the record contains various subpoenas and deposition notices, there is no indication in the record that those depositions ever took place, much less that evidence relevant to appellant's claims was obtained from those depositions.

two years was a result of appellant's lack of diligence. *Esworthy*, 100 Nev. at 214, 678 P.2d at 1150. The district court was therefore within its discretion in dismissing the complaint. *N. Ill. Corp.*, 78 Nev. at 215-16, 370 P.2d at 956. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc:    Chief Judge, The Second Judicial District Court
Hon. Steven Elliott, Senior Judge
Hon. Elliott A. Sattler, District Judge
Mirch Law Firm LLP
Attorney General/Carson City
Davo Don Giovanni
Washoe District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A

3